**STATE of Missouri, Respondent,**

v.

**Sharon Louise ROBINSON, Appellant.**

**No. 37135.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 30, 1977.

Robert C. Babione, Public Defender, 22nd Judicial Circuit, Mary Louise Moran, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

Sharon Louise Robinson, convicted of second degree murder and committed for a 10-year period, has appealed, raising the single point that "The trial court erred in

refusing to allow [in evidence] the deceased's criminal record, his reputation and the drugs and paraphernalia discovered in his truck, and the Appellant's testimony of her knowledge that the victim carried a gun * * *."

No point with respect to the sufficiency of the evidence to support a conviction having been raised, it is enough to recite that the evidence showed the following: Defendant and Lewis Collins Ford had an argument in the apartment where defendant and Ford's daughter lived. During the argument Ford struck defendant and threatened to kill her. He left the apartment and went to his truck, parked in front of the building. Defendant followed Ford to the front door. Ford reached in the truck, put something in his pocket and started walking towards defendant. Retrieving a pistol which she had hidden under the front step of the building, defendant shot Ford three times, inflicting mortal wounds. Defendant pleaded self-defense.

On direct examination defendant was asked, "Had you ever seen him [the deceased] in possession of a weapon before?" Objection on the ground of irrelevancy was sustained. "Thereafter no offer to prove was made by appellant, and we are therefore entirely in the dark as to what this excluded evidence was." *State v. Roberts*, 280 Mo. 669, 217 S.W. 988, 991 [1] (banc 1920). Appellant did not offer to prove facts showing that the carrying of a weapon on a prior occasion had any relation to or reference to defendant, *State v. Naylor*, 328 Mo. 335, 40 S.W.2d 1079, 1085 [15] (1931), or that deceased was in the habit of carrying firearms or other deadly weapons, to the knowledge of appellant, 40 C.J.S. Homicide § 272 e., p. 1225, or any other facts showing that the inquiry was relevant. "Absent an offer to prove, we have no sufficient basis upon which prejudicial error may be adjudged." *State v. Roberts*, supra; 9A Mo. Dig. Criminal Law ▆▆▆

At the commencement of the trial, before opening statements, the State sought and procured a protective order or ruling that the court would not allow defendant to

prove deceased's prior criminal record. Defendant testified that in the course of the argument with Ford he struck her with his fists "more than three times" and knocked her down; said he was going to have to kill her; that he was not going back to the penitentiary, and was going to have to blow her brains out. Defendant argues that testimony showing Ford's criminal record and defendant's knowledge of his record "would have been relevant to support [defendant's] apprehension that her life was in danger" and would "give additional credence in the mind of [defendant] to the threat made by the deceased," and therefore it was error to refuse to allow defendant to introduce Ford's criminal record.

▆▆▆ In a murder prosecution where self-defense is pleaded evidence that deceased bore a reputation of having a turbulent or violent disposition or character is competent, *State v. Parker*, 358 Mo. 262, 214 S.W.2d 25, 27 (1948), but specific acts of violence are not admissible to prove character and reputation, *State v. Davis*, 365 S.W.2d 577 (Mo.1963), and proof of crimes, particularly crimes other than crimes of violence, is excluded. 40 C.J.S. Homicide § 272 f., p. 1228; *State v. Naylor*, supra. The crimes of which deceased had been convicted were narcotics crimes, not crimes of violence. There was no error in refusing to allow proof of these convictions.

▆▆▆ In addition to the court's interdiction of deceased's criminal record the protective order preliminarily excluded evidence concerning the general reputation of the deceased, and evidence that following the shooting police found narcotics and drug paraphernalia in deceased's truck. Defendant's point that the court erred in excluding evidence of the general reputation of deceased for turbulence and violence has not been preserved for appellate review because (1) defendant made no offer of proof with respect to deceased's reputation, an offer of proof being necessary to require appellate consideration, *State v. Britt*, 504 S.W.2d 38, 42 [5] (Mo.1973), and (2) appellant failed to raise the point in her motion for new trial. *State v. Peterson*, 518 S.W.2d 1, 3 [2] (Mo.1974).

Exclusion of the evidence with respect to narcotics and drug paraphernalia found in deceased's truck (a specific act of criminality) was proper for the same reasons that it was proper to exclude evidence of the victim's criminal convictions.

Affirmed.

SIMEONE, C. J., and ALDEN A. STOCKARD, Special Judge, concur.